(68 South. 385)

No. 21078.

HANMORE v. METROPOLITAN LIFE INS. CO.

In re HANMORE.

(April 12, 1915.    Rehearing Denied May 10, 1915.)

*(Syllabus by the Court.)*

INSURANCE ☞291—LIFE INSURANCE POLICY —VALIDITY—WARRANTY AGAINST DISEASE.

An insurance policy containing the warranty that, "This policy is void if the insured * * * has had before its date any pulmonary disease," is binding, and it will be enforced where the evidence shows that the insurance company had a medical examination made of the applicant before the policy was issued, and where it also showed that the applicant had pulmonary disease prior to the date of the examination, although the medical examiner for the insurance company failed to discover the presence of said disease.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 681–690, 694–696; Dec. Dig. ☞ 291.]

O'Niell, J., dissenting.

Action by Amelia Hanmore, wife of Arthur Meyran, against the Metropolitan Life Insurance Company. Judgment for defendant was affirmed by the Court of Appeal, and plaintiff applies for certiorari or writ of review. Application denied.

James O'Connor, of New Orleans, for applicant. Howe, Fenner, Spencer & Cocke, of New Orleans, for respondent.

SOMMERVILLE, J. Plaintiff sued on two small policies issued by defendant company on the life of her minor daughter. There was judgment in favor of plaintiff on the policy first issued, and that portion of the judgment is final. There was judgment in favor of the defendant company on the second policy; and application has been made by plaintiff to this court to review that portion of the judgment of the Court of Appeal.

The policies sued on contain the following warranty clause:

"This policy is void if the insured * * * has had before said date [of policy] any pulmonary disease," etc.

The evidence on the trial showed that the insured died of tuberculosis; but, as the policies were incontestible after two years, the first policy was held to be binding on the insurance company.

Plaintiff invokes Act No. 97 of 1908, p. 139, which provides that:

"Life, health and accident insurance companies, which issue policies or contracts of insurance to the insured without a medical examination by a physician, shall waive their rights to claim forfeiture for misrepresentation, etc., under certain conditions."

But the act is without application here, for the reason that the evidence discloses that examinations of the deceased were made by physicians of the defendant company prior to the issuance of each policy. The record shows that plaintiff was asked by her counsel with reference to the second policy, now under consideration:

"Q. Do you know the name of the doctor that made the second inspection?"

And the answer was:

"Dr. Walter Richards."

While Dr. E. J. Richard, the family physician of plaintiff and the deceased, was on the witness stand for defendant, counsel for plaintiff asked him, on cross-examination:

"Q. Well, now, how about the examination made—that is, in 1909—how about the examination made May 20, 1912?"

And the witness was again asked, by counsel for plaintiff:

"Q. Let us take the next one. She was examined again for another policy on May 20, 1912—three years and a month after the first inspection. Would there have been anything in her appearance that would have indicated that she was suffering with pulmonary tuberculosis?"

An examination having been made by a physician prior to the issuance of the policy, Act No. 97 of 1908 has no application.

The evidence of Dr. E. J. Richard, the family physician of the plaintiff and the deceased, is positive that the deceased had tuberculosis, or pulmonary disease, before the policies sued upon were issued, and that the warranty was thus violated. Dr. Walter Richards, who made the second examination of the deceased, was not called to the witness stand to explain why he had recommended the risk to the defendant company, or to contradict the testimony of Dr. E. J. Richard. The testimony of the latter is positive that the deceased had tuberculosis before the policy was issued; and under the express terms of the policy it is void.

The rule nisi issued in this case is recalled; and the application for writs of certiorari and review is denied, at applicant's cost.

O'NIELL, J., dissents.